JOHN M. HAYWARD, Appellant, *v.* MARIA L. HOOD, as Executrix, etc., of ANDREW HOOD, Deceased, and Others, Respondents.

*Supplemental complaint — a demurrer, upon the ground that it does not state facts sufficient to constitute a cause of action, will not lie to a supplemental complaint which only alleges certain facts in addition to those alleged in the original complaint*

Appeal from a judgment dismissing the complaint, and from an order sustaining a demurrer interposed by the defendants herein to a supplemental complaint.

The court, at General Term, said: "By an order of this court the defendants were granted leave to file a supplemental complaint, and by the order granting such leave the defendants were permitted to answer or demur. In pursuance of such leave, the plaintiff, in addition to the former complaint theretofore served, made his supplemental complaint, alleging certain additional facts to those which were contained in the original complaint. The defendants demurred to this supplemental complaint upon the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was sustained, and this appeal was taken from the order entered thereon.

"It is undoubtedly true that the supplemental complaint did not set up a cause of action as against the defendants. It was not intended so to do. It was the mere allegation of additional facts to those which had been alleged in the original complaint for the purpose of supplementing that complaint. It is also true that the

order gave the defendants the right to answer or demur to said supplemental complaint. But as the supplemental complaint did not pretend to set out an independent or different cause of action from that contained in the original complaint, it was to be read as part and parcel of the complaint, and if the two contained a cause of action which was not demurrable an answer upon the part of the defendants was required. It would seem, therefore, that no issue whatever was raised by the demurrer to the supplemental complaint, that not being a complete complaint within itself, and that it was error to entertain such demurrer.

" The order and judgment appealed from must, therefore, be reversed and the defendant allowed to withdraw said demurrer and to answer upon payment of the costs of demurrer and of the appeal from the order sustaining the same."

*A. J. Dittenhoefer*, for the appellant.

*John J. Macklin*, for the respondents.

Opinion by Van Brunt, P. J.; Brady and Daniels, JJ., concurred.

Judgment reversed, with leave to defendant to withdraw demurrer and answer on payment of costs of demurrer, and of the appeal from the order sustaining the same.